**126**

**MALDEN SPINNING & DYEING CO.**

v.

**David GRAHAM and W. A. Stackpole Motor Transportation, Inc.**

**Raymond T. SCHUBERT**

v.

**W. A. STACKPOLE TRANSPORTATION, INC.**

Civ. A. Nos. 57-475-W, 57-890-W.

United States District Court
D. Massachusetts.

April 10, 1958.

WYZANSKI, District Judge.

This litigation, in effect, is the equivalent of 6 separate cases. In all of these cases there are certain common principles, as for example: (a) you are the judges of the credibility of the witnesses and the truth of the facts. On these matters you are not bound by what the lawyers or the judge say. (b) In every situation where a claim is made, the claimant has the burden of proof (that is, the burden of persuading you by the weight of the credible evidence) on the issues of the other party's lack of care, that is his negligence, or the cause of the injury, or the amount of the damages. (c) The party resisting a claim has the burden of proving that the claimant failed to exercise due care, and that that factor was a contributory cause of the injury. (d) The order in which this charge and the questions are put to you does not directly or indirectly indicate the judge's view of the evidence. The arrangement of points, while not always uniform, is intended for no purpose other than clarity.

Your first problem, raised by questions 1 and 2, is to determine who caused the collision.

Was it caused in whole or in part by Koyides' lack of due care? Would a reasonable man have continued driving after he knew that there was escaping from the exhaust some strange odor? And was the escaping matter a cause of Koyides' blackout and of the collision? The burden of proof is on the parties who say Koyides was negligent and that his negligence caused the collision.

Was the collision caused in whole or in part by Schubert's lack of due care? Would a reasonable man have disregarded the posted sign directing cars to drive in the right lane except when passing? And was Schubert's movement into the center lane a cause of the collision? The burden of proof is on the parties who say Schubert was negligent and that his negligence caused the collision.

If you have found that Koyides' negligence caused the collision, and that it was not caused by Schubert's negligence, then but only then you will answer questions 3 and 4. If you reach question 3, the personal damages recoverable by Schubert may include his pain and suffering and diminution of earning capacity. If you reach question 4, the property damages recoverable by Graham may include (a) the physical injuries to Graham's truck and trailer, (b) any towing or like expenses which you find were necessary, if indeed any were necessary, and (c) any loss of net income which you find Graham sustained as a consequence of not having on hand a truck and trailer in good condition, if

indeed any losses of net income were sustained as a consequence of the collision.

You will next come to the fifth question addressed to you. It is a question based on a claim by Malden, as shipper, against Graham, as carrier. On this claim Malden has the burden of proving the market value of the goods at the time they were shipped and the market value at the time the goods arrived. If the goods were damaged in transit, the carrier, Graham, whether he was at fault or not, is liable for the amount of the damage, measured by the difference between the value of the goods at the time of shipment *plus the prepaid freight* and the value of the same goods at the time and place of delivery.

The price which the shipper paid for goods is not absolutely conclusive evidence of their value at the time of shipment; but if the jury believes that the shipper, as a willing buyer, bought the goods from a willing seller, neither buyer nor seller being under special pressure, the jury may consider the purchase price (together with other evidence) as evidence of the market value of the goods at the time of purchase.

There being no doubt that damage did occur in transit, you will allow Malden the "ordinary damages" in answer to question 5.

Finally, you reach the two parts of question 6 which deal with the problem of "special damages".

"Special damages" are recoverable if, but only if, the jury finds that the shipper Malden (in addition to losing some or all of the value of his goods, that is his "ordinary damages") has suffered through delays or economic disadvantages in his business operations from being deprived of the goods in the condition in which they were shipped.

If the jury finds that upon learning of the damage to its goods, Malden could have procured without appreciable delay and at a reasonable cost fully adequate substitutes the jury shall not allow any "special damages".

If, but only if, the jury finds that the shipper could *not* have procured without appreciable delay and at a reasonable cost fully adequate substitutes, the jury shall allow special damages. If the jury allows special damages they shall *first* consider the courses open to Malden: (1) was used machinery available, (2) was new machinery available, (3) was the machinery able to be repaired by Malden or by others? The jury shall *second* determine which of the available courses of action would involve the lowest *total* cost, that is the combination of direct cost (such as, cost of repairs or cost of purchase) and indirect cost (such as delay and business losses or disadvantages, if any, from not having at the plant the machinery in the same condition as when it was shipped from Philadelphia). Having determined which of the available courses of action involves the lowest combination of costs, the jury shall, *thirdly*, allow (if it allows anything for special damages) an amount based on that lowest combination of direct and indirect costs. If the jury finds that it was reasonable for Malden to take some reasonable time before it could reasonably have decided which course of action to pursue, the jury shall make allowances for business losses or disadvantages, if any, during that reasonable time. But if the jury does allow special damages, it shall deduct from the amount it finds to be the lowest combination of direct and indirect costs the amount (in answer to question 5) the jury found to be "the ordinary damages". The reason is that the law contemplates that Malden will use toward the purchase of other machinery or the repair of the original machinery whatever the jury has allowed it on account of the damage to the original machinery.